UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL JACKSON, *et al.*, §
§
    Plaintiffs, §
VS. § CIVIL ACTION NO. H-17-3885
§
HARRIS COUNTY, TEXAS, *et al.*, §
§
    Defendants. §

**ORDER**

Michael Jackson and Melanie Dobbs sued Harris County and Harris County Deputy Sheriffs Juan Lerma and Ivan Cantu in state court, alleging that the officers used excessive force by tasing Jackson while arresting him at his home. The defendants removed to federal court and moved to dismiss. The plaintiffs filed an amended complaint. The defendants then moved to dismiss some of the claims in the amended complaint, the plaintiffs responded, and the defendants replied. (Docket Entries No. 23, 26, 30, 31, 32, 33).

The defendants have not moved to dismiss the Fourth Amendment claims and the Americans with Disabilities Act claim. Those claims may go forward. The court heard argument on the motions to dismiss the remaining counts. At the hearing, the court dismissed the state-law claims against Lerma and Cantu in their individual capacities; denied the motion to dismiss the race-discrimination claim; and requested supplemental briefing on the negligence claims against the County. (Docket Entry No. 35). This order considers the motion to dismiss the plaintiffs' claims for negligence and negligent training and supervision.

The Texas Tort Claims Act "waives sovereign immunity from suits arising both from: (1) the negligent conduct of an employee if property damage, personal injury, or death arises from the

1

operation or use of a motor-driven vehicle or equipment if the employee would be personally liable to the claimant; and (2) from injuries caused by a condition or use of tangible personal property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d, 575, 581 (Tex. 2001). To avoid sovereign immunity, the plaintiffs assert a claim for "negligent physical contact using tangible personal property," a tort claim for which sovereign immunity is waived, based on the defendants' allegedly negligent use of handcuffs and a taser. TEX. CIV. PRAC. & REM. CODE § 101.021(2).

The defendants correctly argue that this negligence claim is based on intentional conduct. The plaintiffs cannot avoid the immunity bar by pleading an intentional tort as a negligence claim. *See Huong v. City of Port Arthur*, 961 F. Supp. 1003, 1008 (E.D. Tex. 1997) ("Although Plaintiffs have attempted to bring a claim for 'negligence' arising from the alleged conduct of Officer Leger, Plaintiffs have described their claims arising from the shooting as the intentional tort of excessive force. Furthermore, regardless of the language used, it is clear that Plaintiffs' claims consist of intentional torts."). Because the conduct underlying the negligence claim—the use of a taser and handcuffs—is intentional, the County is immune under the Texas Tort Claims Act. *See Johnson v. Waters*, 317 F. Supp. 2d 726, 739 (E.D. Tex. 2004) ("When a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, it is a claim for an intentional tort and barred by the Texas Tort Claims Act." (citing *Petta*, 44 S.W.3d at 580))

The next issue is whether the Texas Tort Claims Act bars the plaintiffs' claim for negligent training and supervision. The complaint allegations supporting this claim are that:

> Harris County owed a legal duty to the Plaintiffs to hire, retain, train, and supervise competent law enforcement officers as Sheriff's deputies. Harris County breached that duty when it negligently used real or tangible personal property in the hiring,

2

retention, training, and supervision of Deputies Lerma and Cantu which caused personal injuries to the Plaintiffs.

Harris County [is] not immune from suit under the Texas Tort Claims Act for personal injuries caused by its negligent use of tangible real or personal property .
. . .

Harris County's negligence directly and proximately caused damages to the Plaintiffs including past and future medical expenses, mental anguish, emotional distress, pain and suffering, and lost wages.

(Docket Entry No. 14, ¶¶ 97–99).

The plaintiffs argue that, because the County's training and supervision of Lerma and Canu involved the negligent use of tangible real or personal property, the claim is not barred by the Texas Tort Claims Act. The County argues that the negligent-training-and-supervision claim does not involve tangible real or personal property.

The Texas Supreme Court has considered and rejected an argument similar to the claims here:

> Petta's claim that the Department negligently failed to furnish the proper training, instruction, training manuals, and documents to Rivera also fails. To state a claim under the Tort Claims Act, a plaintiff must allege an injury resulting from the "condition or use of tangible personal or real property." We have long held that information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualitites. In *Dallas County v. Harper*, we concluded that simply reducing information to writing on paper does not make the information "tangible personal property." And in *Kassen v. Hatley*, we specifically held that the information in an emergency room procedures manual is not tangible personal property. Thus, while instructional manuals can be seen and touched, the Legislature has not waived immunity for negligence involving the use, misuse, or non-use of the information they contain. Because written information in the form of instructions and manuals is not tangible personal property, we conclude that the information contained in the Department's policy and training manuals in this case is not tangible personal property and, accordingly, does not give rise to a claim under the Tort Claims Act. Likewise, Petta's claims that the Department failed to devise adequate tests to assess Rivera's emotional competence, and that it failed to discipline Rivera after the incident, also involve the misuse or non-use of information and are thus barred by sovereign immunity.

3

> Finally, we note that Petta's reliance on *Young v. City of Dimmitt* to support her negligent training claim is misplaced. In *Young*, we disapproved of a court of appeals' statement that an officer's intentional act necessarily precluded a suit for negligence under the Tort Claims Act. In doing so, we simply pointed out that a claim for negligent supervision or training was a distinct cause of action. Nothing in what we said implied that this distinct cause of action was otherwise excepted from satisfying the Tort Claims Act's tangible personal property requirement. As we stated above, Petta's negligent training claim does not involve tangible personal property. Accordingly, it is not cognizable under the Tort Claims Act.

*Petta*, 44 S.W.3d at 580–81 (citations omitted).

As in *Petta*, the negligent-training-and-supervision claim here does not involve tangible personal property. The claim is barred by the Texas Tort Claims Act. *Id.* at 581. The negligence claims are dismissed with prejudice, because amendment would be futile.

The Americans with Disabilities Act claim, the race-discrimination claim, and the Fourth Amendment claims may go forward. The parties must submit a joint proposed scheduling order by **May 4, 2018**.

SIGNED on May 1, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge