IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHEL JACKSON, and<br>MELANIE DOOBS,<br><br>Plaintiffs,<br><br>VS.<br><br>HARRIS COUNTY, TEXAS, *et al.*,<br><br>Defendants. | § § § § § § § § § § § | <br><br><br><br><br>CIVIL ACTION NO. H-17-3885 |

**ORDER**

The defendants—Harris County, Texas, Juan A. Lerma, and I. Cantu—request mental examinations of Michel Jackson and Melanie Dobbs, the plaintiffs, under Federal Rule of Civil Procedure 35(a), and that the examinations be videotaped. (Docket Entry No. 66 at 1–7). The plaintiffs "readily agree to the examination[s]," but "strenuously object to the videotaping of the examinations." (Docket Entry No. 67 at 1). If the court orders the examinations to be videotaped, the plaintiffs ask that their counsel be present during the examinations and that the videos "not be admissible at trial other than for a special purpose, such as impeachment." (*Id.*). The plaintiffs state that videotaping an examination is "generally frowned upon in the psychological field." (*Id.* at 2). The defendants respond that "[i]t is common practice in the field of forensic psychiatry to videotape forensic evaluations . . . to ensure the use of a standardized process and methodology and [to] ensure complete transparency." (Docket Entry No. 66 at 5–6).

The court has "the discretionary authority to order a party 'whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.'" *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 391 (S.D. Tex. 2013) (alteration omitted) (quoting FED. R. CIV. P. 35(a)(1)). "The party requesting such a mental or

physical examination must affirmatively establish that the condition is 'in controversy' and 'good cause' exists for the examination, two requirements which are 'necessarily related.'" *Id.* (quoting *Lahr v. Fulbright & Jaworksi, L.L.P.*, 164 F.R.D. 196, 199 (N.D. Tex. 1995)); *see Grogan v. Kumar*, 873 F.3d 273, 280–81 (5th Cir. 2017). Examinations, "like all other forms of discovery, are subject to the general provisions of Federal Rule of Civil Procedure 26(c)," allowing the court to "issue any order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Ornelas*, 292 F.R.D. at 395 (quoting FED. R. CIV. P. 26(c)(1)).

Courts generally disfavor third-party attendance or videotaping of mental examinations. *See id.* at 395–97 (collecting cases); *Holland v. United States*, 182 F.R.D. 493, 495 (D.S.C. 1998) ("[T]he majority of federal courts have rejected the notion that a third party should be allowed, even indirectly through a recording device, to observe a Rule 35 examination."). "[T]he introduction of a human or mechanical presence—whether a lawyer, a stenographer, a tape recorder, or other instrumentality—changes the nature of the proceeding," giving it a more adversarial air. *Ornelas*, 292 F.R.D. at 397 (quoting *Tirado v. Erosa*, 158 F.R.D. 294, 299 (S.D.N.Y. 1994)). Third-party involvement "may be distracting and may alter the results of the testing." *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 513–14 (E.D. Cal. 2011); *see Romano v. II Morrow, Inc.*, 173 F.R.D. 271, 274 (D. Or. 1997) ("[A]n observer, court reporter, or recording device, would constitute a distraction during the examination and work to diminish [its] accuracy." (quoting *Shirsat v. Mut. Pharm. Co.*, 169 F.R.D. 68, 70–71 (E.D. Pa. 1996))).

"[A]s the presence of counsel or a recording device may interfere with the Rule 35 mental examination, the requesting party must persuade the court that such requests are necessary." *Rodriguez v. Pictsweet Co.*, Civ. A. No. B-07-113, 2008 WL 2019460, at *2 (S.D. Tex. May 9,

2008); *see Rivas v. Lowes Home Ctrs. LLC*, 17-CV-356, 2018 WL 7348033, at *2 (W.D. Tex. July 17, 2018) ("[T]he party seeking to record an examination has the burden of demonstrating that it is necessary."). "[A]bsent compelling reason, a Rule 35 physical or mental examination should be kept free of distractions which would inject an adversarial atmosphere into what should be an objective inquiry." *Schmidt v. Des Moines Pub. Schs.*, 08-CV-477, 2010 WL 11500539, at *2 (S.D. Iowa May 20, 2010); *see Tomlin v. Holecek*, 150 F.R.D. 628, 633–34 (D. Minn, 1993) ("[W]e are hesitant—absent a compelling reason—to condition a Rule 35 examination upon restrictions which will foster a greater degree of advocacy in the conduct of such examinations than is, already, unavoidably present."); *see also Stevens v. Brigham Young Univ.–Idaho*, 16-CV-530, 2019 WL 1495255, at *5 (D. Idaho Apr. 4, 2019) ("Dr. Zollinger and Marge Harris failed to present 'exception circumstances,' which are required to have a third-party be present (including indirect third-parties through a recording devi[c]e).").

Because the parties have agreed to the mental examinations, the court need not examine the in-controversy and good-cause requirements. The only issue is whether the examinations may be videotaped, and, if so, whether the plaintiffs' counsel should be allowed to attend. The defendants, as the parties seeking the videotaping, must provide "a 'factual basis' amounting to good cause for the request." *Ornelas*, 292 F.R.D. at 397 (quoting *Maldonado v. Union Pac. R.R. Co.*, Civ. A. No. 09-1187, 2011 WL 841432, at *3 n.15 (D. Kan. Mar. 8, 2011)). "'[S]pecial circumstances' for the request must be shown, as fairness and medical integrity considerations underlie the determination." *Id.* (quoting *Newman*, 272 F.R.D. at 514–15).

The defendants have not provided the court with a factual basis to find good cause, and their reasons are not otherwise compelling. The defendants argue that videotaping is necessary to "ensure a fair, reliable examination"; "create a more complete and accurate record"; and confirm

"the use of a standardized process and methodology." (Docket Entry No. 66 at 5–6 (quotation omitted); Docket Entry No. 68 at 2). These general concerns about reliability and methodology are not the sort of "'special circumstances' unique to [t]his situation which would justify a court order requiring that the examinations be recorded." *Ornelas*, 292 F.R.D. at 397. And the parties have not questioned the qualifications of Dr. Joseph Penn, the mental examiner they have chosen, who is "bound by the methodologies of [his] discipline" and "formal or informal principles of professional integrity." *Stevens*, 2019 WL 1495255, at *5 (quoting *Tomlin*, 150 F.R.D. at 633). Dr. Penn's examination reports "must set out in detail [his] findings, including diagnoses, conclusions, and the results of any tests." FED. R. CIV. P. 35(b)(2). To address the defendants' methodology and reliability concerns, the court orders Dr. Penn to include a section in his reports on the methodologies used to conduct the examinations.

The motion for mental examinations of Michel Jackson and Melanie Dobbs is granted. (Docket Entry No. 66). Because the defendants have not shown good cause for videotaping the examinations, and because videotaping threatens the examinations' integrity and accuracy, the examinations may not be recorded and third parties, including counsel, cannot be present. Dr. Penn must detail his methodology in the examination reports.

SIGNED on June 20, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge